## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ETHAN RADVANSKY, on behalf of
himself and others similarly situated,

     Plaintiff,

v.

NIP & TUCK PLASTIC SURGERY, LLC,

    Defendant.

CIVIL ACTION FILE NO.

1:25-cv-03502-MLB

## <u>DEFENDANT NIP & TUCK PLASTIC SURGERY, LLC'S VERIFIED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>

Defendant Nip & Tuck Plastic Surgery, LLC ("Defendant"), by and through

undersigned counsel, hereby submits this Answer to Plaintiff's Class Action

Complaint ("Complaint") and respectfully states as follows:

### INTRODUCTION

### ANSWER[1]

Unless expressly admitted below, all the allegations of the Complaint are

denied. To the extent that any allegations of the Complaint are inconsistent with or

---

[1] Defendant has included in this Answer the Complaint's headings merely for ease
of reference. By including such headings, Defendant does not admit the headings are
true or accurate.

unanswered by the answers below, they are denied. Defendant's investigation is not yet complete and is continuing and Defendant therefore reserves the right to amend any statements in this Answer. In answering the specific allegations of the Complaint, Defendant states as follows:

## NATURE OF THIS ACTION

1.      Defendant admits that this action is brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Defendant denies all other allegations in paragraph 1 of the Complaint.

2.      Defendant denies the allegations in paragraph 2 of the Complaint and specifically denies that it violated 47 C.F.R. § 64.1200(c) and 47 U.S.C. § 227(c)(5).

## JURISDICTION AND VENUE

3.      Defendant admits that this Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4.      Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

5.      Defendant admits that it delivered or caused to be delivered text messages to telephone numbers in this district, but denies that such messages were delivered in violation of the TCPA.

## PARTIES

6.    Defendant denies the allegations of paragraph 6 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence.

7.    Defendant admits that it is a limited liability company.

## FACTUAL ALLEGATIONS

8.    Defendant denies the allegations in paragraph 8 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's use of telephone number (XXX) XXX-1848 since March 2023.

9.    Defendant denies the allegations in paragraph 9 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's use of telephone number (XXX) XXX-1848 for personal residential purposes.

10.    Defendant denies the allegations in paragraph 10 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's use of telephone number (XXX) XXX-1848 for business or commercial purposes.

11.    Defendant denies the allegations of paragraph 11 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 11 regarding when Plaintiff's telephone number was registered on the DNC Registry.

12.    Defendant denies the allegations in paragraph 12 of the Complaint and specifically denies that it delivered text messages to Plaintiff's telephone number without proper consent or in violation of the TCPA.

13.    Defendant admits the allegations in paragraph 13 of the Complaint, and states further that these are the only text messages sent to the telephone number (XXX) XXX-1848.  Defendant does not purchase leads from third party vendors. Defendant generates its own leads through its social media advertisements and posts. The messages depicted in paragraph 13 of Plaintiff's complaint were sent because Plaintiff or another person entered the phone number above as contact information into the forms depicted below.   The Plaintiff or another individual, would have completed the forms depicted below.  The first form (1 of 4) sends a message to the Defendant requesting a consultation pursuant to which the patient inputs the best time to reach them.



The second form (2 of 4) asks the individual to insert the patient's full name, email address and telephone number.



The third form (1 of 4) confirms the patient's consent to send a message to the Defendant with the patient's name, email address and telephone number. The patient must slide a tab to submit its contact information to Defendant.



The fourth form (1 of 4) confirms that the information was provided to Defendant and that Defendant will contact patient to schedule an appointment.



14.    Defendant denies the allegations in paragraph 14 of the Complaint and specifically denies that the text messages were intended for someone other than Plaintiff, or alternatively, states that another person input Plaintiff's phone number intentionally, at plaintiff's direction, or by accident. Defendant states further that any number that receives the three text messages depicted in paragraph 13 of the Complaint, but that does not schedule a consultation, is designated as a lost lead, and placed on Defendant's internal do not call list, like Plaintiff's number was in this case.  The entire message protocol is capped at one confirmation message and two follow up messages as depicted in paragraph 13 of Plaintiff's Complaint, and the protocol typically concludes in just a few days from the initial inquiry, as shown in the images in paragraph 13 of the Complaint.

15.    Defendant denies the allegations in paragraph 15 of the Complaint and specifically denies that the purpose of the text messages was to advertise and market Defendant's business or services in violation of the TCPA.  Rather, the text messages were sent to follow up on a request to be contacted to schedule a consultation made through a Facebook advertisement for plastic surgery services by Nip & Tuck Plastic Surgery, LLC, pursuant to which a person specifically entered Plaintiff's phone number as the number by which to call them to schedule a consultation.

16.    Defendant denies the allegations in paragraph 16 of the Complaint and specifically denies that it did not have prior express consent or permission to deliver text messages to Plaintiff's telephone number.  Rather, by completing the form accessed via  Nip & Tuck Plastic Surgery, LLC's Facebook advertisement, and entering his phone number into the consultation request form, Plaintiff gave his permission and/or invited communications following up on the inquiry and/or initiated a business relationship with Defendant.  Further, each text message included instructions to type "Stop" to "stop further texts and emails."  By failing to reply "Stop" as instructed, Plaintiff ratified the consent provided by his invitation to be contacted by Nip & Tuck Plastic Surgery, LLC about a consultation or waived any claim of lack of consent.

17.    Defendant denies the allegations in paragraph 17 of the Complaint and specifically denies that the text messages at issue were "promotional" materials and denies that Plaintiff did not request information or promotional materials from Defendant.

18.    Defendant denies the allegations in paragraph 18 of the Complaint and specifically denies that Plaintiff suffered actual harm as alleged.

19.    Defendant denies the allegations in paragraph 19, and states that by clicking the link in a Nip & Tuck Plastic Surgery Facebook ad, and inputting his

phone number into the consultation request form, Plaintiff gave express permission, extended an invitation and/or initiated a business relationship with Defendant .

## CLASS ACTION ALLEGATIONS

20.    Defendant denies the allegations in paragraph 20 of the Complaint and specifically denies that this action is appropriate for class treatment under Federal Rule of Civil Procedure 23.  Either Plaintiff entered his own phone number into Defendant's consultation request form, or someone else did intentionally or by mistake.  In either case, Plaintiffs have no good faith basis to believe that there are any other individuals similarly situated to Plaintiff, much less a sufficient number of people whose numbers were input intentionally or by mistake by another individual.

21.    Defendant denies the allegations in paragraph 21 of the Complaint regarding the proposed class definition and specifically denies that the proposed class meets the requirements of Rule 23.

22.    Defendant denies the allegations in paragraph 22 of the Complaint and specifically denies that the members of the proposed class are so numerous that joinder of all of them is impracticable, and states, rather that it is unlikely that there are any other individuals similarly situated to Plaintiff because Nip & Tuck Plastic Surgery only communicates with individuals who insert their phone numbers into

Nip & Tuck Plastic Surgery's consultation request form depicted in paragraph 13 above.

23.    Defendant denies the allegations in paragraph 23 of the Complaint and specifically denies that the exact number of members of the proposed class is unknown to Plaintiff.

24.    Defendant denies the allegations in paragraph 24 of the Complaint and specifically denies that the proposed class is ascertainable.

25.    Defendant denies the allegations in paragraph 25 of the Complaint and specifically denies that the members of the proposed class are identifiable through objective criteria.

26.    Defendant denies the allegations in paragraph 26 of the Complaint and specifically denies that Plaintiff's claims are typical of the claims of the members of the proposed class.

27.    Defendant denies the allegations in paragraph 27 of the Complaint and specifically denies that Defendant delivered or caused to be delivered solicitation text messages to Plaintiff's telephone number in violation of the TCPA.

28.    Defendant denies the allegations in paragraph 28 of the Complaint and specifically denies that Plaintiff's claims and the claims of the members of the proposed class originate from the same conduct, practice, and procedure.

29.    Defendant denies the allegations in paragraph 29 of the Complaint and specifically denies that Plaintiff's claims are based on the same theories as the claims of the members of the proposed class.

30.    Defendant denies the allegations in paragraph 30 of the Complaint and specifically denies that Plaintiff suffered the same injuries as the members of the proposed class.

31.    Defendant denies the allegations in paragraph 31 of the Complaint and specifically denies that Plaintiff will fairly and adequately protect the interests of the members of the proposed class.

32.    Defendant denies the allegations in paragraph 32 of the Complaint and specifically denies that Plaintiff's interests are not directly or irrevocably antagonistic to the interests of the members of the proposed class.

33.    Defendant denies the allegations in paragraph 33 of the Complaint and specifically denies that Plaintiff will vigorously pursue the claims of the members of the proposed class.

34.    Defendant denies the allegations in paragraph 34 of the Complaint regarding Plaintiff's retention of experienced and competent class action counsel.

35.    Defendant denies the allegations in paragraph 35 of the Complaint regarding Plaintiff's counsel's vigorous pursuit of the matter.

36.    Defendant denies the allegations in paragraph 36 of the Complaint regarding Plaintiff's counsel's assertion, protection, and representation of the members of the proposed class.

37.    Defendant denies the allegations in paragraph 37 of the Complaint and specifically denies that the questions of law and fact common to the members of the proposed class predominate over questions that may affect individual members.

38.    Defendant denies the allegations in paragraph 38 of the Complaint regarding issues of law and fact common to all members of the proposed class.

39.    Defendant denies the allegations in paragraph 39 of the Complaint and specifically denies that a class action is superior to other available methods for the fair and efficient adjudication of this matter.

40.    Defendant denies the allegations in paragraph 40 of the Complaint and specifically denies that if brought and prosecuted individually, the claims of the members of the proposed class would require proof of the same material and substantive facts.

41.    Defendant denies the allegations in paragraph 41 of the Complaint and specifically denies that the pursuit of separate actions by individual members of the proposed class would be dispositive of the interests of other members or substantially impair their ability to protect their interests.

42.    Defendant denies the allegations in paragraph 42 of the Complaint and specifically denies that the pursuit of separate actions by individual members of the proposed class could create a risk of inconsistent or varying adjudications.

43.    Defendant denies the allegations in paragraph 43 of the Complaint and specifically denies that varying adjudications and incompatible standards of conduct could create inconsistent rights within the proposed class.

44.    Defendant denies the allegations in paragraph 44 of the Complaint and specifically denies that the damages suffered by individual members of the proposed class may be relatively small.

45.    Defendant denies the allegations in paragraph 45 of the Complaint and specifically denies that the pursuit of Plaintiff's claims and the claims of the members of the proposed class in one forum will achieve efficiency and promote judicial economy.

46.    Defendant denies the allegations in paragraph 46 of the Complaint and specifically denies that there will be no extraordinary difficulty in the management of this action as a class action.

47.    Defendant denies the allegations in paragraph 47 of the Complaint and specifically denies that Defendant acted or refused to act on grounds generally applicable to the members of the proposed class.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(C)(5)

48.    Defendant repeats and re-alleges each and every denial and affirmative defense set forth in paragraphs 1-47 above.

49.    Defendant denies the allegations in paragraph 49 of the Complaint and specifically denies that cellular telephone numbers placed on the DNC registry are presumed to be residential as applied to this case.

50.    Defendant denies the allegations in paragraph 50 of the Complaint and specifically denies that a text message is a "call" as defined by the TCPA in the context of this case where consent was provided.

51.    Defendant denies the allegations in paragraph 51 of the Complaint and specifically denies that the TCPA's implementing regulation prohibits telephone solicitation to residential telephone subscribers who have registered on the national do-not-call registry as applied to this case.

52.    Defendant denies the allegations in paragraph 52 of the Complaint and specifically denies that Section 64.1200(c) applies to the communications at issue in this case.

53.    Defendant denies the allegations in paragraph 53 of the Complaint and specifically denies that any person who has received more than one telephone call

within any 12-month period may bring a private action based on a violation of the regulations where consent was provided.

54.     Defendant denies the allegations in paragraph 54 of the Complaint and specifically denies that it violated 47 C.F.R. § 64.1200(c) by initiating or causing to be initiated telephone solicitations to Plaintiff and the proposed class members.

55.     Defendant denies the allegations in paragraph 55 of the Complaint and specifically denies that it violated 47 U.S.C. § 227(c)(5) by delivering or causing to be delivered solicitation text messages to Plaintiff and members of the proposed class.

56.     Defendant denies the allegations in paragraph 56 of the Complaint and specifically denies that as a result of Defendant's alleged violations, Plaintiff and the members of the proposed class are entitled to damages.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiff's claims:

### First Defense
### (Failure to State a Claim)

The Complaint fails to state a claim against Defendant upon which relief may be granted.

### Second Defense
### (Subject Matter Jurisdiction)

The Court lacks subject matter jurisdiction over this case because Plaintiffs have not suffered any injury or harm cognizable under Article III of the U.S. Constitution.

### Third Defense
### (No Violation of Privacy Rights)

The calls at issue did not adversely affect Plaintiffs' privacy rights.

### Fourth Defense
### (Prior Express Consent or Permission)

The Complaint is barred, in whole or in part, on the grounds of prior express consent, permission or invitation or business relationship. Specifically, Plaintiff or someone acting on his behalf submitted a consultation request form on Defendant's website requesting to be contacted, which constituted prior express consent and/or invitation under the TCPA. The website contact form clearly indicated that submitting the form would result in contact from Defendant.

### Fifth Defense
### (Adequate Remedy at Law)

The Complaint fails to state a valid claim for injunctive relief because Plaintiffs cannot establish, among other things, that they do not have an adequate remedy at law. Plaintiffs are expressly seeking damages under the TCPA, which

would be adequate legal remedies, if any liability were found on the part of Defendant.

**Sixth Defense**
**(No Class Capable of Certification)**

Plaintiffs have not validly stated a class of litigants capable of certification for a class under the Federal Rules of Civil Procedure.

**Seventh Defense**
**(Inadequate Representation)**

Plaintiffs will not fairly and adequately protect the interests of the class because, among other things, Mr. Radvansky's claims are not typical of other individuals who completed the same consultation request form on Defendant's website and entered their phone numbers to be contacted to schedule a consultation for plastic surgery services.

**Eighth Defense**
**(Insufficient Facts to Support Class Certification)**

The Complaint is barred, in whole or in part, on the grounds that Plaintiffs do not allege sufficient facts to support class certification and instead rest their class allegations "upon information and belief".

### Ninth Defense
### (Excessive Fines)

The TCPA, codified at 47 U.S.C. § 227, upon which Plaintiffs' claim relies, violates the Due Process Clause under the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit the imposition of grossly excessive or arbitrary punishment on a defendant, and if a class were to be certified and liability were found, the statutory damages provided for in the TCPA would be grossly disproportionate to any nominal "harm" suffered by the putative class members.

### Tenth Defense
### (No Willful Conduct)

Even if any violation of the TCPA occurred, which is denied, such violation was not willful or knowing, and therefore Plaintiff is not entitled to enhanced damages under 47 U.S.C. § 227(c)(5)(C).

### Eleventh Defense
### (No Statutory Damages)

Plaintiffs are not entitled to statutory damages because Defendant did not engage in any conduct in violation of the TCPA.

### Twelfth Defense
### (No Attorneys' Fees or Costs)

Plaintiffs are not entitled to attorneys' fees or costs.

## Thirteenth Defense
### (The TCPA is Unconstitutional)

The TCPA, codified at 47 U.S.C. § 227, upon which Plaintiffs' claim relies, violates the First Amendment of the U.S. Constitution.

## Fourteenth Defense
### (Acts of Other Parties)

The Complaint is barred because the sole and/or proximate cause of damages claimed by Plaintiffs, if any, was due to acts of persons or entities other than Defendant.

## Fifteenth Defense
### (Statute of Limitations)

Plaintiffs' proposed class definition contains an impermissible time limit, and thus, potentially exceeds the applicable statute of limitations.

## Sixteenth Defense
### (Res Judicata)

Plaintiffs' claim is barred, in whole or in part, by the doctrine of res judicata.

## Seventeenth Defense
### (Failure to Join Indispensable Parties)

Plaintiffs' claim is barred, in whole or in part, based on failure to join one or more indispensable parties.

### Eighteenth Defense
### (Release)

Plaintiffs' claim is barred, in whole or in part, on the basis that Plaintiffs released such claim against Defendant.

### Nineteenth Defense
### (Unclean Hands)

Plaintiffs' claim is barred, in whole or in part, based on Plaintiffs' own unclean hands.

### Twentieth Defense
### (Laches)

Plaintiffs' claim is barred, in whole or in part, based on the doctrine of laches.

### Twenty-first Defense
### (Waiver)

Plaintiff waived any right to object to receiving text messages from Defendant by submitting a consultation request form on Defendant's website requesting to be contacted and by failing to object to the initial communications.

### Twenty-second Defense
### (Lack of Good Faith)

Plaintiffs claim is barred, in whole or in part, by Plaintiffs' lack of good faith.

### Twenty-third Defense
### (No Liability)

Defendant is not liable for the texts because the texts at issue were made by third parties.

### Twenty-fourth Defense
### (Established Business Relationship)

Defendant had an established business relationship with Plaintiff and the proposed class members. Plaintiff or someone acting on his behalf initiated contact with Defendant by submitting a consultation request form requesting to be contacted about Defendant's services, and providing Plaintiff's phone number thereby establishing a business relationship that permitted subsequent communications under the TCPA.

### Twenty-fifth Defense
### (Non-Promotional Communications)

The text messages at issue were not promotional or marketing communications but were instead informational messages related to scheduling consultations that Plaintiff or someone acting on his behalf had requested through Defendant's website consultation request form. These communications fall outside the scope of the TCPA's restrictions on promotional text messages.

### Twenty-sixth Defense
### (Lack Of Standing)

Plaintiff lacks standing to bring this action because he has not suffered any concrete injury-in-fact as required by Article III of the United States Constitution. The alleged receipt of text messages for which consent was provided does not constitute a cognizable injury.

### Twenty-seventh Defense
### (Compliance With TCPA Safe Harbor)

Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5). Defendant only sends text messages to individuals who have provided their contact information through Defendant's website consultation request form, thereby providing consent or invitation to be contacted.

### Twenty-eighth Defense
### (Automatic Opt-Out Procedures)

Defendant maintains automatic opt-out procedures whereby individuals who request to stop receiving communications are immediately placed on a "do not disturb" list, demonstrating compliance with TCPA requirements and good faith efforts to honor consumer preferences.

### Twenty-ninth Defense
### (No Damages)

Plaintiff and the proposed class members have not suffered any actual damages as a result of the alleged conduct. The communications at issue were requested through Defendant's website consultation request form and related to scheduling consultations for plastic surgery services from Defendant..

## Thirtieth Defense
### (Estoppel)

Plaintiff is estopped from claiming that the text messages were unwanted or violated the TCPA because Plaintiff or someone acting on his behalf affirmatively requested contact from Defendant through the website consultation request form.

## Thirty-first Defense
### (Good Faith Reliance)

Defendant acted in good faith reliance on its understanding of TCPA requirements and its established procedures for obtaining consent through website contact forms.

## Thirty-second Defense
### (Lack of Causation)

Plaintiff cannot establish that any alleged TCPA violation was the proximate cause of any claimed damages or injuries.

## Thirty-third Defense
### (Regulatory Uncertainty and Recent Rule Changes)

The regulatory landscape surrounding TCPA consent requirements has been subject to significant uncertainty and recent changes. The Eleventh Circuit's January 2025 decision in *Insurance Marketing Coalition Limited v. FCC*, 127 F.4th 303 (11th Cir. 2025) vacated the FCC's one-to-one consent rule, demonstrating the evolving and uncertain nature of TCPA regulations. Defendant's conduct occurred during a

period of regulatory uncertainty, and any alleged violations should be evaluated in light of this uncertainty.

### Thirty-fourth Defense
### (No Quiet Hours Violation)

To the extent Plaintiff alleges any violation related to the timing of text messages, such claims fail because: (a) the messages were sent with prior express consent, (b) the messages were not "telephone solicitations" as they were informational communications about requested consultations, and (c) quiet hours restrictions under the TCPA apply only to unsolicited telephone solicitations, not to consented communications.

### Thirty-fifth Defense
### (Compliance with Current Regulatory Framework)

Defendant's text messaging practices comply with the current regulatory framework under the TCPA, including the requirements that remain in effect following the Eleventh Circuit's vacation of certain FCC rules. Defendant obtained consent through its website consultation request form, which satisfies current TCPA requirements.

### Thirty-sixth Defense
### (Class Certification Inappropriate)

This action is not appropriate for class treatment under Federal Rule of Civil Procedure 23 because:

a) Lack of Numerosity: The proposed class is not so numerous that joinder is impracticable;

b) Lack of Commonality: There are no questions of law or fact common to the class because individual inquiries will be required to determine whether each proposed class member provided consent or had an established business relationship with Defendant;

c) Lack of Typicality: Plaintiff's claims are not typical of the proposed class because Plaintiff is subject to individual defenses, including prior express consent and established business relationship, that may not apply to other proposed class members;

d) Inadequate Representation: Plaintiff cannot fairly and adequately protect the interests of the proposed class because he is subject to unique defenses that create conflicts of interest with other proposed class members;

e) Lack of Predominance: Individual questions regarding consent, established business relationships, and the circumstances surrounding each communication predominate over any common questions, making class treatment inappropriate;

f) Superiority: A class action is not superior to other available methods for fairly and efficiently adjudicating this controversy because individual issues predominate and individual actions would be more appropriate.

**Thirty-seventh Defense**
**(Individual Inquiries Defeat Class Treatment)**

The determination of whether or if any proposed class member received communications without providing consent, in light of the fact that only those who complete the Defendant's website consultation request form and input a phone number to use to contact them about scheduling a consultation, receive any calls in

the first place requires individualized inquiries that defeat the commonality, typicality, and predominance requirements for class certification under Rule 23.

### Thirty-eighth Defense
### (Failure To Mitigate Damages)

Plaintiff failed to mitigate any alleged damages by failing to promptly notify Defendant of any objection to receiving the communications or by failing to utilize available opt-out mechanisms.

### Thirty-ninth Defense
### (Preemption)

To the extent state law claims are asserted, such claims are preempted by federal law, including the TCPA.

### Fortieth Defense
### (Lack Of Ascertainable Class)

The proposed class is not ascertainable because determining class membership requires individualized inquiries into consent, invitation and/or business relationships that cannot be determined through objective criteria.

### Forty-first Defense
### (Reservation of Rights)

Defendant reserves the right to assert additional affirmative defenses as may become available through discovery or as may be permitted by law.

## PRAYER FOR RELIEF

Defendant denies that it engaged in any wrongful conduct, that Plaintiffs have been injured by any alleged conduct by Defendant, and that Plaintiffs are entitled to any relief whatsoever.

WHEREFORE, Defendant Nip & Tuck Plastic Surgery, LLC respectfully requests that this Honorable Court:

a) Dismiss the Complaint with prejudice for failure to state a claim upon which relief can be granted;

b) Deny class certification and strike all class action allegations pursuant to Federal Rule of Civil Procedure 23;

c) Enter judgment in favor of Defendant on all claims asserted in the Complaint;

d) Award Defendant its reasonable attorneys' fees, costs, and expenses incurred in defending this action;

e) Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendant gives notice of its reliance on Plaintiffs' demand for a trial by jury contained in Plaintiffs' Complaint.

Submitted on this 15th day of August, 2025.

**HOLLAND & KNIGHT LLP**

*/s/ Cynthia G. Burnside*
Cynthia G. Burnside
Georgia Bar No.: 097107
Matthew T. Covell
Georgia Bar No. 190735
1180 West Peachtree Street
Suite 1800
Atlanta, GA 30309
Phone: (404) 817-8500
cynthia.burnside@hklaw.com
matthew.covell@hklaw.com

*Attorneys for Defendant*
*Nip & Tuck Plastic Surgery, LLC*

## VERIFICATION

Dr. Nicholas Jones, under penalty of perjury, states as follows:

I am the Owner of Defendant Nip & Tuck Plastic Surgery, LLC. I have read the foregoing Verified Answer, and know the contents thereof, the same is true to my own knowledge. All of the matters stated in the foregoing document are not within my personal knowledge and there is no officer or employee of Nip & Tuck Plastic Surgery, LLC who has personal knowledge of all such matters. The facts and information contained in the foregoing document have been assembled by authorized employees and counsel, and I am informed are true and correct to the best of my knowledge, information and belief.

Executed this 15th day of ___August___, 2025.

_____
Nicholas Jones, MD, FACS

## <u>LR 7.1(D) FONT COMPLIANCE CERTIFICATION</u>

The undersigned counsel for Defendant hereby certifies that the within and foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

This 15th day of August, 2025.

**HOLLAND & KNIGHT LLP**

*/s/ Cynthia G. Burnside*
Cynthia G. Burnside
Georgia Bar No. 097107

*Attorneys for Defendant*
*Nip & Tuck Plastic Surgery, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I served a copy of the foregoing on counsel through the Court's CM/ECF system which automatically provides a copy to counsel of record.

This 15th day of August, 2025.

**HOLLAND & KNIGHT LLP**

*/s/ Cynthia G. Burnside*
Cynthia G. Burnside
Georgia Bar No. 097107

*Attorneys for Defendant*
*Nip & Tuck Plastic Surgery, LLC*