# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ETHAN RADVANSKY, on behalf of himself and others similarly situated, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:25-cv-03502-MLB |
| NIP & TUCK PLASTIC SURGERY, LLC, | |
| Defendant. | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Ethan Radvansky ("Plaintiff") and Defendant Nip & Tuck Plastic Surgery, LLC ("Defendant") and through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

1. **Description of Case:**

   (a) **Describe briefly the nature of this action.**

   Plaintiff's Statement:

   Mr. Radvansky filed a class action complaint against Nip & Tuck Plastic Surgery, LLC through which is it asserted Defendant routinely violated the Telephone Consumer Protection Act ("TCPA") by delivering, or causing to be delivered, text to cellular telephone numbers of individuals on the Do Not Call Registry who had no relationship with Defendant, despite that being required by the

TCPA.

Plaintiff did not submit his telephone number through Defendant's website or advertisements, nor did he direct, authorize, or permit anyone else to do so. Defendant's assertion that Plaintiff himself—or someone acting with his knowledge or at his direction—entered the number is unfounded. Plaintiff has consistently maintained that he had no prior relationship with Defendant, never sought out Defendant's services, and never provided his cellular number as a point of contact. Nothing in the record shows otherwise. Rather, Plaintiff's number was registered on the National Do Not Call Registry nearly two years before the challenged messages were sent, underscoring his intent not to receive unsolicited marketing communications

There are no pending or previously adjudicated related cases.

Defendant's Statement:

Defendant states that the allegations in paragraph 13 of the Complaint are true, and states further that these are the only text messages sent to the telephone number (XXX) XXX-1848. Defendant does not purchase leads from third party vendors. Defendant generates its own leads through its social media advertisements and posts. The messages depicted in paragraph 13 of Plaintiff's complaint were sent almost two years after Plaintiff registered the phone number above on the Do Not Call Registry because Plaintiff or another person at Plaintiff's direction, or with Plaintiff's

2

permission and/or knowledge, entered the phone number above as contact information into the forms depicted below.  The Plaintiff or another individual at Plaintiff's direction or with Plaintiff's permission, completed the forms depicted in Paragraph 13 of Defendant's Answer on or around the time they were received by Plaintiff.  Defendant states further that any number that receives the three text messages depicted in paragraph 13 of the Complaint, but that does not schedule a consultation for medical services, is designated as a lost lead, and placed on Defendant's internal do not call list, like Plaintiff's number was in this case.  The entire message protocol is capped at one confirmation message and two follow up messages as depicted in paragraph 13 of Plaintiff's Complaint, and the protocol typically concludes in just a few days from the initial inquiry, as shown in the images in paragraph 13 of the Complaint.  Defendant states further that by completing the form accessed via Nip & Tuck Plastic Surgery, LLC's Facebook advertisement, and entering his phone number into the consultation request form, Plaintiff gave his permission and/or invited communications following up on the inquiry and/or initiated a business relationship with Defendant.  Further, each text message included instructions to type "Stop" to "stop further texts and emails."  By failing to reply "Stop" as instructed, Plaintiff ratified the consent to be contacted by Nip & Tuck Plastic Surgery, LLC to schedule the requested consultation, and/or waived any claim of lack of consent.  Defendant further states that either Plaintiff entered

3

his own phone number into Defendant's consultation request form, or someone else did intentionally, at Plaintiff's direction, with Plaintiff's permission and/or knowledge, or by mistake. In either case, Plaintiffs have no good faith basis to believe that there are any other individuals similarly situated to Plaintiff, much less a sufficient number of people whose numbers were input by mistake by another individual to satisfy the numerosity requirement for a class.

**(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff maintains that there was no prior relationship with Defendant, never signed up for any of their offerings or provided consent to be called. Nevertheless, it is alleged that text messages like the below we received:



Plaintiff alleges these calls were sent *en masse* to putative class members.

**(c)      The legal issues to be tried are as follows:**

1.      Whether Plaintiff or any similarly situated individuals can establish a claim under the TCPA (47 U.S.C. § 227(c)(5));

2.      Whether this action should be certified as a class action;

3.      Whether Plaintiff or any similarly situated individuals' claims are barred or limited by any defenses Defendant may have, including but not limited to ratification, waiver and unclean hands; and

4. Whether Plaintiff or any similarly situated individuals are entitled to damages, and if so, the amount of the damages.

The parties reserve the right to amend, and/or add to this list of issue to be tried.

**(d)   The cases listed below (include both style and action number) are:**

    (1)   Pending Related Cases:

None.

    (2)   Previously Adjudicated Related Cases:

None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

| | | |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| _____ | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| _____ | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government |
| x    | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |
| x    | (11) | Unusually complex discovery of electronically stored information |

**3. Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Lead counsel for Plaintiff:    Anthony Paronich
                                               Paronich Law, P.C.

Lead counsel for Defendant:    Cynthia G. Burnside
                                                 Holland & Knight, LLP

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

☐ Yes    ☒ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **The names of necessary parties to this action who have not been joined and any questions of misjoinder of parties and inaccuracies and omissions regarding the names of parties.**

   **Parties to This Action:**

   (a)   The following persons are necessary parties who have not been joined:

   Plaintiff's Response: To the extent Defendant used any vendor to send any of the subject text messages, Plaintiff may add the vendor to this matter as a party-defendant once Plaintiff learns, through discovery, of the identity of any vendor used by Defendant and the extent to which the vendor participated in sending the telemarketing calls at issue.

   Defendant's Response:  Defendant does not believe there are any necessary parties to this individual TCPA case.

   (b)   The following persons are improperly joined as parties:

   None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in Local Rule 15.**

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

None at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

(a)     *Motions to Compel:*   before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions:*  within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)     *Other Limited Motions:*  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony:*  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

Plaintiff's Statement:   Plaintiff proposes and requests the deadline by which Plaintiff must file a motion for class certification be fourteen months from the date of entry of this Scheduling Order. The Plaintiff had no relationship with the Defendant. Noteworthy, then, is that any defense Defendant asserts—such as consent, ratification, or safe harbor—based on the circumstance that someone other than Plaintiff may have provided his cellular telephone number to Defendant—fails from the outset, as the Eleventh Circuit previously held:

9

> When a caller who is otherwise subject to the TCPA phones someone who has not consented to its calls, can the caller avoid liability under the TCPA's . . . prohibitions if the person it *intended* to call had consented to the calls? We have never answered this question. But the Seventh and Eleventh Circuits have, and they both rejected Credit One's same "intended recipient" interpretation. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251–52 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 639–43 (7th Cir. 2012). The D.C. and Third Circuits have also voiced support for the Seventh and Eleventh Circuits' positions. *See ACA Int'l v. FCC*, 885 F.3d 687, 706 (D.C. Cir. 2018); *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 325 & n.13 (3d Cir. 2015). Reviewing the district court's jury instructions de novo for legal error, *Navellier v. Sletten*, 262 F.3d 923, 944 (9th Cir. 2001), we agree with our sister circuits. ***Credit One's intent to call a customer who had consented to its calls does not exempt Credit One from liability under the TCPA when it calls someone else who did not consent***.

*N. L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1167 (9th Cir. 2020) (emphasis added); *accord Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265, 1267 (11th Cir. 2014) ("Because Breslow, the subscriber to the cell phone service, did not consent to Wells Fargo's calling via audial system, she is entitled to partial summary judgment."). That is, it does not matter that Defendant was trying to call someone else from whom it may have had consent when it called Plaintiff.

Furthermore, in light of *Cherry v. Dometic Corp.*., 986 F.3d 1296, 1304 (11th Cir. 2021) ("We hold that administrative feasibility is not a requirement for certification under Rule 23. In doing so, we limit ascertainability to its traditional scope: a proposed class is ascertainable if it is adequately defined

such that its membership is capable of determination."), the typical argument against certification of a wrong number class—that identifying class members will be difficult or onerous—cannot carry the day here.

It should also be noted that certification of TCPA classes like this one is far from an outlier. *See, e.g.*, *Samson v. United Healthcare Servs. Inc.*, No. 2:19-cv-00175, 2023 WL 6793973 (W.D. Wash. Oct. 13, 2023) (certifying a "wrong number" TCPA class over objection); *Head v. Citibank, N.A.*, 340 F.R.D. 145 (D. Ariz. 2022); *Williams v. PillPack LLC*, 343 F.R.D. 201 (W.D. Wash. 2022) (same); *Wesley v. Snap Fin. LLC*, 339 F.R.D. 277 (D. Utah 2021) (same); *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238 (D. Ariz. 2019) (same); *Reyes v. BCA Fin. Servs., Inc.*, No. 16-24077-CIV-Goodman, 2018 WL 3145807 (S.D. Fla. June 26, 2018) (same), *decertified per agreement of the parties*, 2020 WL 1846165 (S.D. Fla. Mar. 18, 2020); *Lavigne v. First Cmty. Bankshares, Inc.*, No. 1:15-cv-00934-WJ/LF, 2018 WL 2694457 (D.N.M. June 5, 2018) (same); *West v. Cal. Servs. Bureau, Inc.*, 323 F.R.D. 295 (N.D. Cal. 2017) (same); *Johnson v. Navient Sols., Inc.*, 315 F.R.D. 501 (S.D. Ind. 2016) (same); *accord Brown v. DirecTV, LLC*, No. CV 13-1170 DMG (EX), 2021 WL 5755044 (C.D. Cal. Dec. 1, 2021) (denying a motion to decertify a "wrong number" TCPA class); *McMillion v. Rash Curtis & Assocs.*, No. 16-CV-03396-YGR, 2017 WL

3895764 (N.D. Cal. Sept. 6, 2017) (certifying two "non-debtor" TCPA classes over objection).

As Judge Easterbrook wrote for the Seventh Circuit: "Class certification is normal in litigation under [the TCPA], because the main questions . . . are common to all recipients." *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013); *accord Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 656 (4th Cir. 2019) ("Given the remedial purpose of the TCPA, it is no surprise that its cause of action would be conducive to class-wide disposition.").

Defendant's Statement: Defendant contends that none of the cases cited above involve the same facts set forth in Defendant's Statement, as noted above, and thus these cases are either irrelevant or distinguishable from this case on facts which are included on the face of the pleading and appropriately decided on a motion for judgment on the pleadings. Defendant disputes the need for a motion to certify, because the facts of this case do not lend themselves to class certification, and Plaintiff is not a suitable class representative. To that end, Defendant proposes that any class certification motion be due 60 days after the Court rules on Defendant's motion for summary judgment.

The parties propose and request the deadline by which the parties must file dispositive motions should be 30 days from the close of fact discovery.

The parties propose and request the below expert disclosure schedule:

Plaintiff to disclose expert(s) by February 2, 2026;

Defendant to disclose expert(s) and/or any rebuttal expert(s) by March 4, 2026; and

Plaintiff to disclose any rebuttal expert(s) by April 2, 2026.

**Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:**

Defendant disputes the need for initial disclosures, Defendant intends to submit a motion for judgment on the pleadings, and a motion to stay discovery until after the motion has been decided. Defendant requests 30 days after the Court's decision on the motion to submit initial disclosures should the Court not grant the motion for judgment on the pleadings.

8. **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Defendant requests a scheduling conference to discuss timing of discovery, and phasing discovery, after the motion for judgment on the pleadings is decided, assuming the Court denies same. Should the Court grant, or deny the

13

motion for judgment on the pleadings, but strike the class claims, then Defendant does not anticipate the need for a scheduling conference.

9. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Discovery will be needed on the Plaintiff's family, educational, financial, social and criminal background, Plaintiff's social media, cellular phone and data and email accounts and records, the facts surrounding the TCPA and other cases pending in this Court filed by Plaintiff, the evidence that Plaintiff has that the mobile number at issue belongs to him, was under his control at all times, and evidence that it was entered by someone other than Plaintiff or someone at Plaintiff's direction, or with

14

Plaintiff's permission, Plaintiff's engagement of counsel and the terms related thereto, and evidence of damages.

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support an anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Plaintiff does not believe that discovery should be conducted in phases. Defendant believes that individual fact discovery should be conducted first, to

15

determine whether Plaintiff has any good faith basis to allege there could possibly be a class made up of individuals whose phone numbers were specifically entered into Defendant's consultation request form by someone other than themselves, without their permission, as Plaintiff here alleges.  The parties currently do not anticipate that additional time may be needed.

The parties agree and request the deadline to complete discovery should be thirteen (13) months from the date of entry of this Scheduling Order.

10. **Discovery Limitations:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

Plaintiff:  None.

Defendant:  Defendant will file its motion for judgment on the pleadings and motion to stay discovery by September 29, 2025. Should the Court deny the motion for judgment on the pleadings, then individual fact discovery should be conducted before any class discovery, assuming the class claims survive, because Plaintiff alleges that his mobile phone number over which he purportedly had exclusive control since he placed it on the Do Not Call Registry on April 28, 2023, was input into a consultation request form on Defendant's website, accessed via a Facebook advertisement for plastic surgery services. Plaintiff denies he entered the unique mobile phone number, and thus claims that someone other than him entered his

16

phone number in June 2025. Defendant disputes that a third party entered the number by accident, and will seek discovery as to whether Plaintiff gave permission or direction to any third party, and/or had knowledge that Plaintiff's number would be used by any third party in this fashion. Plaintiff's only allegation of numerosity is that there are sufficient numbers "upon information and belief," and Defendant's position is that under any of the foregoing scenarios, there is no good faith basis to allege a class of individuals exists.

(b)   Is any party seeking discovery of electronically stored information?

☒   Yes      ☐   No

**If "yes,"**

**(1)**   The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows:  The parties agree that there is not extensive electronic information relative to this case.  The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs.  If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**(2)**   The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

17

The parties have discussed the scope of discovery and have agreed to limit the scope as follows: The parties agree that there is not extensive electronic information relative to this case. The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

11. **Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to seek a protective order of confidentiality.

12. **Settlement Potential:**

**(a) Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on September 4, 2025 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Defendant:	/s/ Cynthia G. Burnside

For Plaintiff:	/s/ Anthony Paronich

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☐ A possibility of settlement before discovery.

☒ A possibility of settlement after discovery.

☐ A possibility of settlement, but a conference with the judge is

needed.

☐   No possibility of settlement.

**(c)   Counsel ☐ do   ☒ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d)   The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**13. <u>Trial by Magistrate Judge</u>:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do**   ☒ **do not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted on this 15th day of September, 2025.

| HOLLAND & KNIGHT LLP | PARONICH LAW, P.C. |
|---|---|
| <u>/s/ Cynthia G. Burnside</u><br>Cynthia G. Burnside<br>Georgia Bar No.: 097107<br>Matthew T. Covell<br>Georgia Bar No. 190735<br>1180 West Peachtree Street. Suite 1800<br>Atlanta, GA 30309<br>Phone: (404) 817-8500 | <u>/s/ Anthony I. Paronich</u><br>Anthony I. Paronich (admitted *pro hac vice*)<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>Tel: (617) 485-0018<br>anthony@paronichlaw.com<br>*Counsel for Plaintiff and the proposed class* |

cynthia.burnside@hklaw.com
matthew.covell@hklaw.com

*Attorneys for Defendant*
*Nip & Tuck Plastic Surgery, LLC*